UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN R. RUSSO, SR. AND MARIE G. RUSSO | * * * | CIVIL ACTION NO. 07-7587 M(5) |
| VERSUS | * * | JUDGE: PETER BEER |
| STATE FARM FIRE AND CASUALTY COMPANY | * * * | MAG: ALMA L. CHASEZ |

* * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE* TO PRECLUDE RHETT LEE, EUGENE DEADY AND EDWARD VANHOVEN FROM OFFERING OPINION TESTIMONY AT TRIAL**

**MAY IT PLEASE THE COURT**:

Plaintiffs John R. Russo, Sr., and Marie G. Russo file this memorandum in support of their motion in limine to preclude Rhett Lee, Eugene Deady, and Edward VanHoven from offering opinion testimony at the trial of this matter, and respectfully represent as follows.

**I. Factual and Procedural Background**

On August 29, 2005, plaintiffs' home located at 3833 Cypress Street in Metairie, Louisiana was extensively damaged by wind and wind-driven rain from Hurricane Katrina. In particular, hurricane winds and wind-driven rain damaged plaintiffs' roof, ceilings, walls, floors, windows and heating system, and blew the roof off of plaintiffs' garage. The wind-driven rain that penetrated plaintiffs' home also damaged some contents. **Plaintiffs' home was not damaged by flooding.**

Plaintiffs made a claim under their homeowner's policy with State Farm Fire and

Casualty Company ("State Farm").  State Farm's first adjuster, Rhett Lee, inspected plaintiffs' home and estimated that all damages could be repaired for $11,495.28.[1]  Knowing that the damage to their home could not be repaired for this amount, plaintiffs made numerous phone calls to State Farm requesting another inspection.  In August of 2006 – nearly a year after the hurricane – State Farm sent a second adjuster, Eugene Deady, who inspected plaintiffs' home and estimated that the damage to plaintiffs' home was $5,254.59 more than State Farm had previously estimated.[2]

Because State Farm refused to indemnify plaintiffs for the insured damages to their home, plaintiffs hired James Conn of Coastal Construction to inspect their home and provide an estimate of all damage caused by wind and wind-driven rain.  Mr. Conn estimated that the cost of repairing all insured damages to plaintiffs' home would be $59,216.19.[3]  Mr. Conn's written report was submitted to State Farm, along with a demand for payment, on August 22, 2007.  Because State Farm refused to pay any additional amounts, even after receiving Mr. Conn's report, plaintiffs filed suit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, in order to preserve their rights to pursue their insurance claim.

Plaintiffs subsequently borrowed money from their children to pay for the repair of hurricane damage to their home, and to replace hurricane-damaged contents.  According to the itemization of repairs attached hereto as Exhibit 4, plaintiffs have spent $55,165.04 to repair or replace damaged property.  This itemization along with invoices from contractors and receipts for various materials have been forward to State Farm.  Notwithstanding clear evidence of actual repairs to plaintiffs' storm damaged home, State Farm has arbitrarily and capriciously refused to indemnify plaintiffs for their insured losses.

---

[1] See Summary for Wind Damage and damage estimate of Rhett Lee, attached hereto as Exhibit 1.
[2] See Summary for Wind Damage and damage estimate of Eugene Deady, attached hereto as Exhibit 2.
[3] See Property Inspection Report and photographs of James Conn, attached hereto as Exhibit 3.

2

**II. Law and Argument**

Rule 702 of the *Federal Rules of Evidence* governs the admissibility of expert witness testimony. Fed.R.Civ.P. 702; *see Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 588, 113 S.Ct. 2786, 2794, 125 L.Ed.2d 469, 480 (1993); *United States v. Hitt,* 473 F.3d 146, 148 (5th Cir.2006). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The United States Supreme Court's decision in *Daubert* "provides the analytical framework for determining whether expert testimony is admissible under Rule 702." *Pipitone v. Biomatrix, Inc.,* 288 F.3d 239, 243 (5th Cir.2002). Both scientific and nonscientific expert testimony is subject to the *Daubert* framework, which requires trial courts to make a preliminary assessment to "determine whether the expert testimony is both reliable and relevant." *Burleson v. Tex. Dep't of Criminal Justice,* 393 F.3d 577, 584 (5th Cir.2004); *see Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238, 249-50 (1999).

A number of nonexclusive factors may be relevant to the reliability inquiry, including: (1) whether the technique has been tested, (2) whether the technique has been subjected to peer review and publication, (3) the potential error rate, (4) the existence and maintenance of standards controlling the technique's operation, and (5) whether the technique is generally accepted in the relevant scientific community. *Burleson,* 393 F.3d at 584. The reliability inquiry must remain flexible, however, as "not every *Daubert* factor will be applicable in every situation;

and a court has discretion to consider other factors it deems relevant." *Guy v. Crown Equip. Corp.,* 394 F.3d 320, 325 (5th Cir.2004); *see Runnels v. Tex. Children's Hosp. Select Plan,* 167 Fed. App'x 377, 381 (5th Cir.2006) ("[A] trial judge has 'considerable leeway' in determining *'how* to test an expert's reliability.'" (*citing Kumho Tire,* 526 U.S. at 152, 119 S.Ct. at 1176, 143 L.Ed.2d at 253)).

With respect to the determination of relevancy pursuant to Rule 702 and *Daubert,* the proposed expert testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Rule 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc.,* 320 F.3d 581, 584 (5th Cir.2003).

### A. Rhett Lee and Eugene Deady are Fact Witness and Cannot Offer Expert Testimony

State Farm has designated Rhett Lee and Eugene Deady as fact witness,[4] and as such they they may not offer expert testimony under Federal Rule of Evidence 701. Specifically, Mr. Lee and Mr. Deady should be precluded from offering opinion testimony regarding the cause, scope or price of the damage to plaintiff's property that is at issue in this matter, because such opinions require "scientific, technical, or other specialized knowledge within the scope of Rule 702." *See, e.g., United States v. Riddle*, 103 F.3d 423, 428 (5th Cir.1997).

State Farm does not dispute that Mr. Lee and Mr. Deady do not have any technical, scientific or other specialized knowledge that would permit them to offer opinion testimony on whether the damaged to plaintiffs' home following Hurricane Katrina was caused by wind or wind-driven rain, or by some other peril not covered by plaintiffs' homeowner's policy. Indeed, they have not proffered Mr. Lee or Mr. Deady as experts in those or any other areas.

---

[4] See Rec. Doc. No. 9.

4

Accordingly, at the trial of this matter, counsel for State Farm should be instructed not to elicit, attempt to elicit or offer any evidence or make any inquiry or mention from Mr. Lee or Mr. Deady regarding their lay opinions concerning the cause, scope or price of the damage to plaintiffs' home.

### B. Edward VanHoven's Testimony Should be Excluded Because it is Based on Unreliable Information

State Farm has designated Edward VanHoven has its sole expert in this matter.[5] However, Mr. VanHoven should be precluded from offering opinion testimony at trial, because his opinions are based solely on unreliable information provided by State Farm, and he has done nothing to independently verify the cause and scope of damage to plaintiffs' property. As it has in numerous other cases, State Farm hired Mr. VanHoven to inspect plaintiffs' property after all of the repairs had been completed. Thus, despite the fact that Mr. VanHoven has "inspected" plaintiffs' home, he has no personal knowledge of the cause or scope of the damages to plaintiffs' home.

Nevertheless, Mr. VanHoven concludes that the estimate by Grande Pointe Properties – the contractor who actually made the majority of repairs to plaintiffs' home – "is overly broad in scope."[6] Without having seen the actual damage to plaintiffs' home, Mr. Vanhoven also concludes that "[t]he estimate of Coastal Construction Services is overly broad in scope." These opinions are based solely on the unreliable estimates of State Farm adjusters Rhett Lee and Eugene Deady, which Mr. VanHoven simply accepts as true – notwithstanding the fact that he, Mr. Lee and Mr. Deady all disagree about the scope and price of plaintiffs' damages. Because Mr. VanHoven cannot undertake any independent verification of the cause and scope of damage to plaintiffs' home, his testimony should be excluded at the trial of this matter. *See, e.g.,*

---

[5] See Rec. Doc. No. 9.
[6] See the report of Edward VanHoven, attached hereto as Exhibit 5.

*Guillory v. Domtar Indus., Inc.*, 95 F.3d 1320, 1330-31 (5th Cir.1996) (excluding expert's testimony because it was based on "altered facts and speculation designed to bolster [the defendant's] position." Accordingly, plaintiffs respectfully submit that Edward VanHoven should be precluded from offering any expert testimony at the trial of this matter.

### III. Conclusion

For all of the foregoing reasons, plaintiffs John and Marie Russo pray that this Honorable Court enter an order precluding Rhett Lee, Eugene Deady and Edward VanHoven from offering opinion testimony regarding the cause, scope or price of the damage to plaintiff's property that is at issue in this matter.

Respectfully submitted,

/s/ Jeffery B. Struckhoff
_____
**TERRENCE J. LESTELLE - T.A. - 8540**
**ANDREA S. LESTELLE - 8539**
**JEFFERY B. STRUCKHOFF - 30173**
**LESTELLE & LESTELLE**
3421 N. Causeway Blvd., Suite 602
Metairie, Louisiana 70002
Telephone: (504) 828-1224
Facsimile: (504) 828-1229
Email: lestelle@lestellelaw.com

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this 5th day of August 2008, electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who are CM/ECF participants. I further certify that I faxed and/or mailed the foregoing document and the notice of electronic filing by first-class mail to all counsel of record who are not CM/ECF participants.

/s/ Jeffery B. Struckhoff
_____
**JEFFERY B. STRUCKHOFF**